Charlie GAITOR, Appellant,

v.

PENINSULAR & OCCIDENTAL STEAMSHIP COMPANY, Blue Steamship Company, and Shaw Brothers Shipping Company, Appellees.

No. 18328.

United States Court of Appeals
Fifth Circuit.

Feb. 8, 1961.

Rehearing Denied March 24, 1961.

Arthur Roth, Miami, Fla., for appellant.

John R. Hoehl, Richard H. Williams Maloy, T. J. Blackwell, Robert J. Beckham, Blackwell, Walker & Gray, Scott, McCarthy, Preston, Steel & Gilleland, Miami, Fla., for appellees.

Before JONES and BROWN, Circuit Judges, and CARSWELL, District Judge.

CARSWELL, District Judge.

Appellant originally filed suit in court of general trial jurisdiction of the State of Florida against appellees, Peninsular & Occidental Steamship Company and the Blue Steamship Company. Shaw Brothers Shipping Company was later impleaded as a third defendant. The complaint alleged that the plaintiff Gaitor was a resident and citizen of Dade County, Florida, and that, while working as a longshoreman loading cargo in port, he was injured due to negligence of the defendants, or due to unseaworthiness of the vessel. The complaint conformed to Florida's state practice in demanding damages in language no more specific than "in excess of $5,000.00." The complaint also set forth that the defendant Peninsular & Occidental Steamship Company was a Connecticut corporation "with an office and principal place of business in Dade County, Florida."

A petition for removal to Federal District Court was filed by defendants. Appellant Gaitor promptly moved to remand the cause to the state court on grounds that the ad damnum clause of his complaint, while acceptable in Florida state practice, did not meet the specific Federal jurisdictional requirement of 28 U.S.C. § 1332 that the matter in controversy exceed the sum or value of $10,000.

The trial court denied this motion to remand unless plaintiff within ten days amended his complaint "to seek damages in the amount of $10,000.00 or less." Appellant Gaitor took no further action in this regard and the case proceeded to trial by jury and ultimately resulted in verdict and judgment in favor of appellees.

Through appropriate post-trial motions Gaitor again challenged the jurisdiction of the court not only with respect to amount in controversy but also on grounds that there was no demonstrable diversity of citizenship between Gaitor, as plaintiff, and Peninsular & Occidental Steamship Company. The trial court denied these motions to set aside verdict and vacate judgment and denied renewed effort to remand to the state court. It is from this order that appeal was taken. The trial court overruled all jurisdictional objections on the grounds that the action could have been maintained in the Federal District Court in admiralty. Appellant agreed that the case could have been brought by him in the United States District Court in admiralty had he chosen such forum, but urged that this was a case in which he could choose his own forum and in which removal could not be effected in the absence of a clear showing of jurisdictional amount.

■■ We agree. First, the burden of establishing jurisdiction rests upon the party seeking to invoke it and cannot be placed upon the adversary who challenges it. Carson v. Dunham, 121 U.S. 421, at page 425, 7 S.Ct. 1030, at page 1031, 30 L.Ed. 992; Gold-Washing & Water Company v. Keyes, 96 U.S. 199, at page 202, 24 L.Ed. 656; Crehore v. Ohio & Mississippi Railway Company, 131 U.S. 240, at page 244, 9 S.Ct. 692, at page 693, 33 L.Ed. 144; Powers v. Chesapeake & Ohio Railway Company,

169 U.S. 92, at page 101, 18 S.Ct. 264, at page 267, 42 L.Ed. 673. In McNutt v. General Motors Acceptance Corp., 298 U.S. 178, at page 189, 56 S.Ct. 780, at page 785, 80 L.Ed. 1135, the court referring to the prerequisites to the exercise of jurisdiction stated:

"They are conditions which must be met by the party who seeks the exercise of jurisdiction in his favor. He must allege in his pleading the facts essential to show jurisdiction. If he fails to make the necessary allegations he has no standing. If he does make them, an inquiry into the existence of jurisdiction is obviously for the purpose of determining whether the facts support his allegations. In the nature of things, the authorized inquiry is primarily directed to the one who claims that the power of the court should be exerted in his behalf. As he is seeking relief subject to this supervision, it follows that he must carry throughout the litigation the burden of showing that he is properly in court. The authority which the statute vests in the court to enforce the limitations of its jurisdiction precludes the idea that jurisdiction may be maintained by mere averment or that the party asserting jurisdiction may be relieved of his burden by any formal procedure. If his allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof."

Appellees here, defendants below, did not make such affirmative showing at the time they sought removal to federal court as is specifically required by Congress with reference to jurisdictional amount. We cannot construe the complaint's words "in excess of $5,000.00" as "exceed(ing) the sum or value of $10,000 * * *" in the words of 28 U.S.C. 1332, which proscription is mandatory as a limitation on federal jurisdiction in diversity cases. " * * * the sum claimed by the plaintiff controls if the claim is apparently made in good faith." St. Paul Mercury Indemnity Co. v. Red Cab Company, 1938, 303 U.S. 283, at page 288, 58 S.Ct. 586, at page 590, 82 L.Ed. 845. See also 2 F.R.D. 388, at page 395.

Although Great Northern Railway Company v. Alexander, 246 U.S. 276, at page 281, 38 S.Ct. 237, at page 239, 62 L.Ed. 713, involved removal on federal question grounds the principle enunciated there is applicable here.

"It is also settled that a case * * non-removable on the complaint, when commenced, cannot be converted into a removable one by evidence of the defendant or by an order of the court upon any issue tried upon the merits, but that such conversion can only be accomplished by the voluntary amendment of his pleadings by the plaintiff * * *. Kansas City, etc. Ry. Co. v. Herman, 187 U.S. 63 [23 S.Ct. 24, 47 L.Ed. 76]; Alabama Great Southern Ry. Co. v. Thompson, 200 U.S. 206 [26 S.Ct. 161, 50 L.Ed. 441, 4 Ann.Cas. 1147]; Lathrop, Shea & Henwood Co. v. Interior Construction Co., 215 U.S. 246 [30 S.Ct. 76, 54 L.Ed. 177]; American Car & Foundry Co. v. Kettelhake, 236 U.S. 311 [35 S.Ct. 355, 59 L.Ed. 594]."

Judge Yankwich, in Some Jurisdictional Pitfalls in Diversity Cases, 2 F.R.D. 388, states at page 394:

" * * * I desire to emphasize the fact, *which is overlooked by many*, that the mere fact that a matter arises under the laws of the United States or even involves the question of constitutionality under the Federal Constitution, is, in itself, insufficient to give jurisdiction to the federal courts. Jurisdiction does not exist unless, at the same time, the plaintiff can show affirmatively that he is injured in the jurisdictional amount."

Thus, even though the complaint here might show requisite diversity of citizenship authorizing removal under 28 U.

S.C. § 1441, the amount in controversy being open was ground for remand.

 This is not to say that a defendant seeking to remove in a proper diversity case is to be denied access to federal court merely because the complaint against him is couched in nebulous mathematical phraseology, but, in such case, as here, the key to the door is an affirmative showing by he who seeks entry of all the requisite factors of diversity jurisdiction, including amount in controversy, at the time removal is attempted. The complaint, as here, may not be sufficient itself to make such showing, but removal may still be had "within twenty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper, from which it may first be ascertained that the case is one which is, *or has become removable*." 28 U.S.C. § 1446(b) (Emphasis supplied.)

In Great Northern Ry. Co. v. Alexander, supra, 246 U.S. at page 280, 38 S.Ct. at page 239, it is stated:

" * * * and that a case not removable when commenced may afterwards become removable is settled by Ayers v. Watson, 113 U.S. 594 [5 S.Ct. 641, 28 L.Ed. 1093].; Martin's Administrator v. B. & O. R. R. Co., 151 U.S. 673, 688, 691 [14 S.Ct. 533, 38 L.Ed. 311]; Powers v. C. & O. Ry. Co., 169 U.S. 92 [18 S. Ct. 264, 42 L.Ed. 673], and Fritzlen v. Boatmen's Bank, 212 U.S. 364 [29 S.Ct. 366, 53 L.Ed. 551]."

 Nor do we think this requirement can be obviated by the admitted fact that jurisdiction could have been vested originally in the district court in an admiralty proceeding by libel in personam.

In Romero v. International Terminal Operating Co., 1959, 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed.2d 368, which was decided since this action was commenced in the lower court, it was made clear that except in diversity cases, maritime litigation brought in state courts could not be removed to the federal courts. For this case to have been cognizable in federal court all requirements of 28 U.S.C. § 1332 must have been present at the time of the attempted removal. While the record here is not altogether clear whether there was, in fact, diversity of citizenship between Gaitor, as plaintiff, and Peninsular & Occidental Steamship Company, as one defendant, the failure of showing of requisite jurisdictional amount at the time of attempted removal makes determination of this issue unnecessary. The result here must be the same whether there was diverse citizenship or not.

Since the case should have been remanded originally for lack of jurisdiction the judgment of the district court is reversed and vacated with directions to remand to the Circuit Court for the Eleventh Judicial Circuit in Dade County, Florida.

Reversed and vacated with directions to remand.