**Mildred FLEMING and John Fleming, her husband, Plaintiffs,**

v.

**COLONIAL STORES, INCORPORATED, a foreign corporation, Defendant.**

**No. 1385.**

United States District Court
N. D. Florida,
Tallahassee Division.

Jan. 29, 1968.

**934**

Ford L. Thompson, of Starry & Thompson, Tallahassee, Fla., for plaintiffs.

H. O. Pemberton and E. Harper Field, of Keen, O'Kelley & Spitz, Tallahassee, Fla., for defendant.

### ORDER

CARSWELL, Chief Judge.

This cause came on to be heard pursuant to notice for hearing on plaintiffs' motion to remand, and counsel for the respective parties were present and heard.

It is plaintiffs' contention here that the defendant did not seek to remove this cause timely. The original complaint of plaintiffs filed in state court merely stated jurisdictional amount for the state court and was not specific in meeting the test of federal jurisdiction as required by Gaitor v. Peninsular & Occidental Steamship Co., 287 F.2d 252 (5th Cir., 1961). Subsequent to filing the defendant deposed plaintiff personally but made no inquiry as to monetary *claim* of the plaintiff nor was it otherwise developed on the record as to what was the plaintiff's monetary claim until defendant served interrogatories which were answered December 27, 1967. At this point plaintiff asserted a claim in excess of the jurisdictional amount of this court. On January 15, 1968 defendant caused this case to be removed from the state court to this court. Similar issue was presented to this Court in Bonnell v. Seaboard Air Line Railroad Company, 202 F.Supp. 53 (1962). As in *Bonnell* the Court here cannot equate plaintiff's deposition concerning her physical ailments with her specific monetary claim. This would require defendant to translate relative disability into a dollars and cents claim not specifically asserted. As pointed out in *Gaitor,* supra, it is the *claim* of the plaintiff which is determinative. As long as the *claim* is indeterminate from the complaint, or otherwise, the defendant may not be charged with the running of time for removal. As stated in 28 U.S.C. § 1446 (b), as amended 1965, " * * * a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it *may first be ascertained that the case is one which is or has become removable."* (Emphasis added.)

It is, upon consideration, hereby

Ordered that plaintiffs' motion to remand this cause to the Circuit Court for the Second Judicial Circuit in and for Leon County, Florida, be and the same is hereby denied.