**William E. NICHOLAS, Plaintiff,**

v.

**Margaret W. MACNEILLE, Defendant.**

**Civ. A. No. 80–0396–1.**

United States District Court,
D. South Carolina,
Charleston Division.

July 25, 1980.

Colden R. Battey, Jr., Harvey, Battey, Macloskie & Bethea, P. A., Beaufort, S. C., for plaintiff.

Stephen E. Darling, Sinkler, Gibbs & Simons, Charleston, S. C., for defendant.

---

## ORDER OF REMAND

HAWKINS, District Judge.

This matter is before the court on plaintiff's motion to remand this action to the Court of Common Pleas for Beaufort County. This case was originally filed in that court, and the defendant was served with the summons and complaint on January 15, 1980. The defendant filed her petition for removal in this court on February 27, 1980. The procedure for removal of a case from state court to federal district court is contained in 28 U.S.C. § 1446. That provision states that a case must be timely removed within thirty (30) days after receipt by the defendant of a copy of the initial pleading or summons. Under the facts presented to this court, this case was not removed within the thirty (30) days after the defendant received the summons and complaint.

The defendant asserts that her removal petition was timely filed under the provisions of 28 U.S.C. § 1446(b). That statute provides *inter alia*:

> If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after *receipt by the defendant*, through service or otherwise, of a copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable. (emphasis added).

It is the defendant's position that the case stated in the initial pleading was not removable because the complaint did not allege the citizenship of the plaintiff or defendant. The defendant further states that her attorneys were not made aware of her citizenship until February 15, 1980, and, therefore, they did not know that diversity of citizenship existed between the plaintiff and defendant until that date. An affidavit dated February 20, 1980, was submitted by the defendant which stated that she was a citizen of Illinois. The defendant contends that this affidavit constitutes an "other paper" within the meaning of 28 U.S.C. § 1446(b) since it was first ascertained from this document that the case was removable.

The defendant's contention that this case was timely removed fails for two reasons. First, the statute provides that the "other paper" must be received by the defendant, not the defendant's attorneys. The "other paper" in this instance was a document *prepared by the defendant* which contained facts solely within her own personal knowledge. Clearly, the receipt of the defendant's own affidavit by her attorneys cannot be imputed to her. Second, the court notes that in order for a case to come within § 1446(b), it must be one which is initially not removable. As previously stated, the defendant asserts that the case stated by the initial pleading was not removable because the citizenship of the parties was not alleged. This identical argument has been presented to two other district courts, and for the reasons stated in those cases, this court similarly rejects such an argument. The defendants in *Lee v. Volkswagen of America, Inc.*, 429 F.Supp. 5 (W.D.Okla.1976), argued that because the petition filed in state court failed to reveal the citizenship of all of the parties, the thirty day removal period did not commence until the defendants received something that made it possible to ascertain that the case had become removable. In rejecting this argument, the court adopted the holding in *Jong v. General Motors Corp.*, 359 F.Supp. 223 (N.D.Cal.1973), which was that a failure to allege citizenship does not create a presumption of a certain citizenship and, consequently, the appearance of "nonremovability" on the face of the pleading. *Id.* at 224–25. The complaint in this action

contained sufficient jurisdictional allegations, and at the time that it was filed, diversity of citizenship existed. Therefore, the case stated in the initial pleading was removable and § 1446(b) is inapplicable.

Accordingly, it is the judgment of this court that the petition for removal was untimely filed and that this case should be, and the same is hereby, remanded to the Court of Common Pleas for Beaufort County, South Carolina.

AND IT IS SO ORDERED.