Larry D. OLSEN, Petitioner,

v.

Cheron OLSEN, n/k/a Cheron Iversen, Respondent.

Civil No. H 84–7.

United States District Court,
N.D. Indiana,
Hammond Division.

March 9, 1984.

---

Larry D. Olsen, pro se.

John S. Wrona, Chicago, Ill., for respondent.

## ORDER

MOODY, District Judge.

This cause is before the Court on a Motion to Remand filed on January 26, 1984 by the respondent.

This cause is a continuation of an action commenced more than a decade ago in the Domestic Relations Division of the Circuit Court of Cook County, Illinois: On October 1, 1973 the Domestic Relations Division of that Illinois county court entered a decree divorcing the present petitioner and respondent. That decree, entered in Domestic Relations Cause No. 73D6547, awarded custody of the couple's three minor children to the respondent herein and ordered the current petitioner to pay one hundred dollars each week in child support.

On December 8, 1983 the respondent returned to the Domestic Relations Division of the Circuit Court of Cook County, Illinois and filed a Petition for Rule in Cause No. 73D6547. That petition sought an award of support arrearage and entry of an order holding the petitioner in contempt for his failure to pay support as ordered.

The petitioner's response was to file a petition for removal with this Court on January 6, 1984, thereby initiating the present action. Petitioner asserted that this Court has jurisdiction of the cause under 28 U.S.C. § 1332 or, alternatively, under 28 U.S.C. § 1441. Respondent's Motion for Remand challenges both jurisdictional premises.

28 U.S.C. § 1332 gives federal district courts original jurisdiction of all civil actions between citizens of different states in which the amount in controversy exceeds the "sum or value" of $10,000 exclusive of interest and costs.[1] There are, however, "two subject areas, domestic relations and probate, in which the federal courts have refused to adjudicate ... disputes even though the requirements for diversity jurisdiction are present." 13 C. Wright, A. Mil-

---

1. Though both parties were residents of Cook County, Illinois in 1973, when the divorce decree was entered, petitioner seems to have relocated: His petition for removal asserts that he "is, and has been a citizen and resident of the City of Chesterton, Indiana for the past five years." Respondent continues to reside in the State of Illinois.

ler & E. Cooper, *Federal Practice and Procedure* § 3609 (1975) (notes omitted). The domestic relations exception to diversity jurisdiction appears to derive from dictum in an early Supreme Court case, *Barber v. Barber*, 62 U.S. (21 How.) 582, 584, 16 L.Ed. 226 (1859). *See also In re Burrees*, 136 U.S. 586, 593–594, 10 S.Ct. 850, 852–853, 34 L.Ed. 500 (1890) and 13 Wright & Miller, *supra*, at § 3609. Some federal courts have excepted to the exception and have entertained diversity actions for enforcement of alimony ordered under a final state decree. 13 Wright & Miller, *supra*, at § 3609, pp. 673–675.

The Seventh Circuit has never addressed this issue; however, in *Lloyd v. Loeffler*, 694 F.2d 489 (7th Cir.1982) the Seventh Circuit discussed its conception of the domestic relations exception to federal diversity jurisdiction. *Loeffler* was an action for tortious interference with custody of a child. 694 F.2d at 490. The court held that such an action is not encompassed by the exception and may be brought as a diversity action. *Id.* at 493. In reaching this holding the Seventh Circuit considered the rationale responsible for the exception:

> At its core are certain types of cases, well illustrated by divorce, that the federal courts are not, as a matter of fact, competent tribunals to handle. The typical divorce decree provides for alimony payable in installments until the wife remarries, and if there are children it will provide for custody, visitation rights, and child support payments as well. These remedies—alimony, custody, visitation, and child support—often entail continuing judicial supervision of a volatile family situation. The federal courts are not well suited to this task. They are not local institutions, they do not have staffs of social workers, and there is too little commonality between family law adjudication and the normal responsibilities of federal judges to give them the experience they would need to be able to resolve domestic disputes with skill and sensitivity.

*Id.* at 492. An action in tort for violating, or conspiring to violate, a custody decree poses none of the special problems inherent in domestic disputes; therefore, such an action is not encompassed by the exception. *Id.* at 493.

The Seventh Circuit also indicated its position on the practice of entertaining actions to enforce alimony payments as an exercise of diversity jurisdiction: The court referred to the discussion of the practice in Wright & Miller, *supra*, and commented that it seems to have arisen as the result of a perception that such actions present less risk of inconsistent state and federal decrees, a risk presumably at least partially responsible for the domestic relations exception. *Id.* at 492–493. The Seventh Circuit took issue with the practice: "[I]n our view, ... the question is not only whether the exercise of federal jurisdiction will create a potential for inconsistent decrees but also whether it will result in piecemeal, duplicative, or inexpert handling of what is substantially a single controversy." *Id.* at 493, *citing Phillips, Nizer, Benjamin, Krim & Ballon v. Rosenstiel*, 490 F.2d 509 (2d Cir.1973).

■■■■■ The position enunciated in *Loeffler* is inconsistent with entertaining the present action as an exercise of the Court's diversity jurisdiction: The present action is really only a continuation of Domestic Relations Cause No. 73D6547; as such it is "substantially a single controversy" of the type best handled by a court familiar with the intricacies of domestic disputes. There is another factor which is relevant to this issue: The present action involves an order of child support; under Illinois law child support orders are modifiable. Ill.Ann. Stat. ch. 40 ¶ 510, Historical and Practice Notes (Smith-Hurd 1980, 1983 Supp.); Ill. Rev.Stat. ch. 40 ¶ 19 (1975); *In re Support of Sharp*, 65 Ill.App.3d 945, 22 Ill.Dec. 581, 382 N.E.2d 1279 (1978); *Finley v. Finley*, 81 Ill.2d 317, 43 Ill.Dec. 12, 410 N.E.2d 12 (1980). Even those federal courts which enforce state alimony decrees will only enforce final state decrees that are not subject to modification; federal courts do not have jurisdiction over state decrees that

**1572**

are subject to modification. 13 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3609, pp. 673–674 (1953); *See also Sistare v. Sistare*, 218 U.S. 1, 16–17, 30 S.Ct. 682, 686, 54 L.Ed. 905 (1910); *Lynde v. Lynde*, 181 U.S. 183, 186–187, 21 S.Ct. 555, 556, 45 L.Ed. 810 (1901); *Morris v. Morris*, 273 F.2d 678 (7th Cir. 1960). For all these reasons the Court finds that it may not entertain petitioner's action under the Court's diversity jurisdiction.

 Petitioner also asserts that this Court has jurisdiction over the cause pursuant to 28 U.S.C. § 1441. 28 U.S.C. § 1441 defines the removal jurisdiction of the federal courts. Generally, an action is removable to federal court only if it might have been brought there originally. 14 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3721 (1976); *McCarty v. Amoco Pipeline Co.*, 595 F.2d 389, 393 (7th Cir.1979). Petitioner asserts that the present cause is removable under 28 U.S.C. § 1443, which permits removal of certain actions involving laws providing for the equal civil rights of citizens of the United States. 28 U.S.C. § 1443, 14 Wright & Miller, *supra*, at § 3728. The present action does not meet the requirements for removal under 28 U.S.C. § 1443. *State of Georgia v. Rachel*, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966); *City of Greenwood v. Peacock*, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966); *Johnson v. Mississippi*, 421 U.S. 213, 95 S.Ct. 1591, 44 L.Ed.2d 121 (1975); *Milligan v. Milligan*, 484 F.2d 446 (8th Cir.1973); *City of Evanston v. Buick*, 421 F.2d 595, 597 (7th Cir.1970).

 Because the action is not one which this Court has jurisdiction over, under either 28 U.S.C. § 1332 or 28 U.S.C. § 1441, the cause will be remanded to the proper state court. Respondent's Motion to Remand seeks an award of costs; under 28 U.S.C. § 1447(c) a district court may "order the payment of just costs" if an action "was removed improvidently and without jurisdiction." An award of costs is discretionary with the court and is usually

appropriate only when the nonremovability of the action is obvious. *Lee v. Volkswagen of America, Inc.* 429 F.Supp. 5, 7 (W.D.Okl.1976); *Dunkin Donuts of America v. Family Enterprises, Inc.*, 381 F.Supp. 371, 373 (D.Md.1974). The Court does not find that the attempted removal herein was such as to warrant an award of costs.

It is, therefore, ORDERED that this action be and the same is hereby REMANDED to the Circuit Court of Cook County, Illinois, County Department—Domestic Relations Division.