James ESSENSON, Plaintiff,

v.

John COALE, Michael Jesse Kananack, George William Murgatroyd, Michael Lyn Baum and Coale, Kananack & Murgatroyd, P.C., Defendants.

No. 94–20–CIV–T–24(A).

United States District Court, M.D. Florida, Tampa Division.

April 4, 1994.

Robert Edwin Turffs, Kanetsky, Moore & DeBoer, P.A., Venice, FL, for plaintiff.

Stephen Kent Stuart, Stuart & Strickland, P.A., Tampa, FL, for defendants.

### ORDER

BUCKLEW, District Judge.

This cause comes before the Court for consideration of Plaintiff's Motion for Remand (Doc. No. 8, filed February 7, 1994).

This matter was considered by the United States Magistrate Judge, pursuant to an order of referral, who has filed his report recommending that Plaintiff's Motion for Remand be denied. All parties previously have been furnished copies of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to 28 U.S.C. § 636(b)(1).

Upon consideration of the Report and Recommendation of the Magistrate Judge and upon this Court's independent examination of the file, it is determined that the Magistrate Judge's Report and Recommendation should be adopted. Accordingly, it is now

**ORDERED AND ADJUDGED:**

(1) The Magistrate Judge's Report and Recommendation is adopted and incorporated by reference in this Order of the Court.

(2) Plaintiff's Motion to Remand (Doc. No. 8) is **DENIED.**

**DONE AND ORDERED.**

### REPORT AND RECOMMENDATION

THOMAS G. WILSON, United States Magistrate Judge.

This cause comes on for consideration upon Plaintiff's filing of a Motion to Remand.

Memoranda have been received from both attorneys. Because I find that Defendants properly removed this case, I recommend that the District Court deny Plaintiff's Motion to Remand.

### PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff sued Defendants in state court for tortious interference with a business relationship. (Compl.). The complaint alleged damages in excess of $15,000. (Compl. 1). Plaintiff requested compensatory damages, attorneys fees, and costs. (Compl. 4–5). Defendants were served with the complaint during March and April of 1993. (Def.'s Mem. in Opp'n to Pl.'s Mot. Remand 1). On October 1, 1993, Defendants filed the Answer and Defenses in state court. (Def.'s Mem. in Opp'n to Pl.'s Mot. Remand 2). On December 15, Plaintiff filed a Demand for Judgment pursuant to F.S. § 768.79 in the amount of $165,000. (Def.'s Mot. in Opp'n to Pl.'s Mot. Remand 2). Defendants filed a Notice of Removal the following day based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. On February 7, 1994, Plaintiff filed two motions. First, Plaintiff moved to strike all references to Plaintiff's Offer of Judgment from Defendant's Notice of Removal. Second, Plaintiff filed a Motion to Remand.

### ISSUES

Plaintiff contends that his Motion to Remand should be granted for two reasons. First, Plaintiff argues that the case as stated in the initial complaint was removable and Defendant failed to remove the case within thirty days after receiving it. Secondly, Plaintiff argues that Plaintiff's Offer of Judgment is not an "other paper" upon which removal may be based.

### DISCUSSION

The procedure for removal is outlined in 28 U.S.C. § 1446(b). This procedure requires removal "within thirty days after the receipt by the defendant ... of a copy of the initial pleading setting forth the claim upon which such action or proceeding is based." *Id.* However, if "the case stated by the initial pleading is not removable" the defendant must file a notice of removal "within thirty days after receipt by the defendant ... of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* Lastly, no case may be removed based on diversity jurisdiction after one year of the commencement of the action. *Id.*

### I.

*Plaintiff's initial complaint did not state a removable cause of action.*

In this case, Plaintiff argues that the case as stated in his initial complaint was removable, and therefore, because Defendants filed a notice of removal later than thirty days from receipt of the initial pleadings, the case should be remanded to state court. Defendants argue that because the initial complaint only alleged "in excess of $15,000," the case was not removable because at that point they could not establish the $50,000 in dispute required to invoke federal diversity jurisdiction under § 1332.

The burden of establishing diversity jurisdiction falls on the defendant. *Marler v. Amoco Oil Co., Inc.,* 793 F.Supp. 656, 658 (E.D.N.C.1992) (citations omitted). Further, the "language of removal statutes is to be strictly construed against removal." *Perez v. General Packer, Inc.,* 790 F.Supp. 1464 (C.D.Cal.1992) (citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1914)).

In *Gaitor v. Peninsular & Occidental Steamship Co.,* 287 F.2d 252 (5th Cir.1961), the plaintiff filed a complaint in a Florida state court, alleging damages "in excess of" the state jurisdictional amount at that time. *Id.* at 253. The complaint also established diversity of citizenship. *Id.* The defendant attempted to remove the case based on diversity. However, the court refused to construe the complaint's words "in excess of" the state jurisdictional requirement as "exceed(ing) the sum or value of" the federal diversity jurisdictional requirement, and remanded the case to state court. *Id.* at 254.

The *Gaitor* court reasoned that a nonremovable complaint "cannot be converted into a removable one by evidence of the defendant ... but that such conversion can only be accomplished by the voluntary" act of the plaintiff. *Id.* at 254 (citations omitted). The Fifth Circuit also noted that a defendant seeking to remove a proper diversity case will not be denied access to federal court merely because the complaint against him "is couched in nebulous mathematical phraseology." Instead, "removal may still be had" once the amount in controversy is established, making the case removable. *Id.* at 255 (citing 28 U.S.C. § 1446(b)).

In *Fleming v. Colonial Stores, Inc.,* 279 F.Supp. 933 (N.D.Fla.1986), the defendant's attempt to remove based on diversity jurisdiction also failed because the plaintiff had "merely stated jurisdictional amount for the state court." *Id.* at 934. The *Fleming* court refused to require the defendant to translate the plaintiff's injury "into a dollars and cents claim not specifically asserted." *Id.* "As long as the claim is indeterminate from the complaint, or otherwise, the defendant may not be charged with the running of time for removal." *Id.* *See also, Bonnell v. Seaboard Air Line Railroad Co.,* 202 F.Supp. 53 (N.D.Fla.1962) (holding that the jurisdictional amount is that stated by the plaintiff).

Plaintiff relies on cases in which the defendants had access to evidence with which they could have established federal diversity jurisdiction early on in the case. In *Nicholas v. MacNeille,* 492 F.Supp. 1046 (D.S.C.1989), the court found that although the initial complaint omitted allegations of citizenship, the omitted information was available to the defendant. *Id.* In *Marler v. Amoco Oil Co.,* 793 F.Supp. 656 (E.D.N.C.1992), the court held that although the complaint did not specifically request more than $50,000 in damages, "the complaint itself provided defendant with the necessary information ... to ascertain that more than $50,000 was in controversy." *Id.* at 659. Further, in *Marler,* the defendant received demand letters before the suit was filed indicating the amount in controversy was more than $50,000. *Id.* In each of these cases, the defendant had access to "other papers" or evidence which they could establish that amount in controversy met the requirements for federal diversity jurisdiction.

In the case at bar, Plaintiff's complaint alleges damages in excess of $15,000, which is the jurisdictional amount in state court. Nothing in the initial complaint indicates that the amount in controversy exceeds $50,000. Defendants are not required to translate injury claims into "a dollars and cents claim not specifically asserted." Because Defendants had no way to prove the amount in controversy met the requirements for federal diversity jurisdiction, the initial case was not removable. Therefore, Defendants' failure to remove within thirty days of receipt of the initial complaint does not prohibit them from removing the case if Plaintiff later establishes that the amount in controversy meets the requirements for diversity jurisdiction in federal court.

## II.

*The notice of removal was properly filed within thirty days after receipt of an other paper which indicated the case was removable.*

Because the initial complaint does not state a case which can be properly removed, the Court must ascertain whether Defendants filed a notice of removal "within thirty days after receipt by the defendant ... of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* Plaintiff asserts that Defendants may not utilize Plaintiff's offer of judgment as the basis for removing based on diversity.

Plaintiff asserts that his offer of judgment did not substantially change the nature of the action, and therefore removal is improper. For this assertion, Plaintiff relies upon *Wilson v. Intercollegiate (Big Ten) Conf.,* 668 F.2d 962 (7th Cir.1982). In *Wilson,* the defendants could have removed the case based on the initial complaint because it stated diversity of citizenship and a cause of action under both state and federal law. *Id.* at 965. However, the defendants did not remove at that time. *Id.* Later, the defendants at-

tempted to revive their right to removal based on an amendment to plaintiff's complaint. *Id.* The court held that the amendments did not substantially change the nature of the action, and therefore, the defendants were not entitled to revive their right to remove the case. *Id.*

*Wilson* bars defendants who initially waive their right to remove from *reviving* it based on an other paper. However, in the case at bar, Defendants did not have the right to remove from the outset, or at any time prior to Plaintiff's Offer of Judgment. Because this case does not deal with *revival* of the right to remove, *Wilson* is inapplicable.

Plaintiff also argues that Defendants may not base removal upon an offer of judgment because it would violate public policy. Plaintiff cites § 768.79 of the Florida Statutes, which does not require that an offer of judgment be filed with the state court. In essence, Plaintiff asserts that an offer of judgment does not constitute an "other paper" within the context of 28 U.S.C. § 1446(b). Plaintiff cites no law for this assertion.

In *Gilardi v. Atchison, Topeka & Sante Fe Railroad Co.*, 189 F.Supp. 82 (N.D.Ill.1960), the court defined "other paper." It held that: " 'Other paper' refers to such court processes even though not required to be filed, so long as these papers are part and parcel of the state court proceedings having their origin and existence by virtue of state court processes." *Id.* at 85. Section 768.79 of the Florida Statutes is part and parcel of state court proceedings. The provision of an offer of judgment would not exist absent litigation in state court.

In addition, allowing Defendants to use Plaintiff's Offer of Judgment does not violate § 768.79 of the Florida Statutes. There is no conflict between state and federal law on this point. Section 768.79 does not require offers of judgment to be filed with the court. Likewise, 28 U.S.C. § 1446(b) does not require that the "other paper" which constitutes the basis for removal be filed with any court.

Lastly, preventing Defendants from using Plaintiff's Offer of Judgment as a basis for removal would defeat federal public policy. The "policy and purpose of Congress [is] to effect removals as early as possible and avoid unnecessary delay." *Gilardi*, 189 F.Supp. at 85. Courts should not encourage plaintiffs to "hold back" their "federal cards." *Wilson*, 668 F.2d at 962. To prohibit Defendants from removing based on an offer of judgment that clearly establishes a $50,000 in controversy would violate Defendants' statutory rights under 28 U.S.C. § 1446(b).

Because Plaintiff's Offer of Judgment constitutes "other paper" paper within the meaning of 28 U.S.C. § 1446(b), and because Defendants filed their Notice of Removal within thirty days from the receipt of Plaintiff's Offer of Judgment, removal of this case was proper.

*CONCLUSION*

For the foregoing reasons, I recommend that the Court deny Plaintiff's Motion for Remand.

Respectfully submitted on this 14th day of March, 1994.