Packard v. ASC, Inc.                    CV-94-493-B      11/01/94

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE


Sherman Packard d/b/a
Automotive Customizing

        v.                              Civil No. 94-493-B

ASC, Inc.


**O R D E R**


Sherman Packard moves to remand this case to state court because the defendant, ASC, Inc., has not established that the amount in controversy in this diversity of citizenship case exceeds $50,000.  See 28 U.S.C.A. § 1332(a) (West 1993).  For the reasons that follow, I grant Packard's motion to remand the case to state court.

Packard filed this case in Rockingham County Superior Court. He alleges that ASC, a Michigan Corporation, is liable for breach of contract, breach of warranty, and violations of the Massachusetts and New Hampshire Consumer Protection acts.  The gist of Packard's complaint is that ASC sold him defective sunroofs for use in his automotive customizing business. Packard's Writ of Summons does not specify the amount of his

claim, and Packard argues that he does not yet know whether his

claim will exceed the jurisdictional floor of $50,000.

Both Packard and ASC agree that a defendant who bases a petition to remove on diversity of citizenship jurisdiction must establish that the amount in controversy exceeds $50,000. See Asociacion Nacional De Pescadores v. Dow Quimica, 988 F.2d 559, 563 (5th Cir. 1993), cert. denied, 114 S. Ct. 685 (1994). They disagree, however, concerning whether ASC met that requirement in this case.

If a plaintiff either expressly seeks more than $50,000 in damages or otherwise admits that his or her damage claim exceeds this amount, a defendant may establish that the amount in controversy exceeds $50,000 citing to the complaint or plaintiff's admission. Hornton v. Liberty Mutual Ins. Co., 367 U.S. 348, 353 (1961). The task is more difficult, however, where the plaintiff's claim is "open-ended," i.e. either where the petition fails to state a specific dollar amount or where the amount stated is given as a minimum. See Angus v. Shirley, Inc., 989 F.2d 142, 146 (3rd Cir. 1993) (amount in controversy not measured by low end of open-ended claim). In such cases, the court must make "an independent appraisal of the value of the claim." Id. Furthermore, general allegations that the amount in controversy exceeds the jurisdictional floor are insufficient to

3

meet the defendant's burden.  <u>Asociacion Nacional</u>, 988 F.2d at 566.

Courts disagree concerning the standard employed when independently determining the amount in controversy.  <u>Compare</u> <u>Shaw v. Dow Brands, Inc.</u>, 994 F.2d 364, 366, 366-67 n.2 (7th Cir. 1993) (removal warranted where defendant shows with reasonable probability jurisdictional amount met); <u>Angus</u>, 989 F.2d at 146 (removal warranted where defendant establishes plaintiff's damages reasonably could exceed $50,000); and <u>Corwin Jeep Sales</u> <u>v. American Motor Sales</u>, 670 F. Supp. 591, 595 (M.D. Pa. 1986) (removal warranted where potential damages probably will exceed jurisdictional floor) <u>with</u> <u>Kliebert v. UpJohn Co.</u>, 915 F.2d 142, 146 (5th Cir. 1990) (remand required unless it is certain that plaintiff will recover more than the jurisdictional amount), <u>reh'g</u> <u>en banc</u> <u>granted</u>, 923 F.2d 47, <u>appeal</u> <u>dismissed</u>, 947 F.2d 736 (5th Cir. 1991).  In deciding the present motion, I assume for purposes of discussion that ASC will have satisfied its burden if it has established that Packard's damages reasonably could exceed $50,000.

ASC argues that the amount in controversy exceeds $50,000 because (1) Packard seeks "multiple damages" and attorney's fees under the New Hampshire and Massachusetts Consumer Protection

4

statutes; (2) Packard purchased $72,166.74 in unspecified "product" from ASC during the 1994 fiscal year; (3) Packard owes ASC $35,756.50 in unpaid accounts; and (4) Packard has refused to stipulate that his damages are less than $50,000. Even under the liberal standard described above, however, this evidence is insufficient to warrant the denial of Packard's motion to remand. First, Packard's claim for multiple damages does not, by itself, establish that the amount in controversy reasonably could exceed $50,000 since it says nothing about the underlying damages. Second, ASC's allegations that Packard has done more than $50,000 of unspecified business with ASC and that Packard owes ASC more than $35,000 reveal little about the value of his specific claim since neither figure indicates how much of these amounts involved what Packard claims are defective sunroofs. Finally, Packard's claim that he cannot yet determine whether his claim exceeds $50,000 is of only limited value in determining whether ASC has satisfied its burden to establish that the potential damages could exceed the jurisdictional floor. Cf. Barton v. Allstate Life Ins. Co., 729 F. Supp. 56, 57 (W.D. Texas 1990) (plaintiff's statement that jurisdictional amount "did not appear" to be exceeded insufficient to warrant granting of motion to remand). Taken together, these facts do not establish that Packard's

damages reasonably could exceed $50,000.[1]

Packard's Motion to Remand (document no. 4) is granted.

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

November 1, 1994

cc:   George A. Karambelas, Esq.
      Gary E. Hicks, Esq.

---

[1]ASC is free to file a new removal petition if it discovers additional evidence within the time specified by 28 U.S.C. § 1446 that would warrant removal. See Chapman v. Powermatic, Inc., 969 F.2d 160, 163 (5th Cir. 1992) (time period in removal statute begins to run when defendant receives initial pleading only if pleading affirmatively reveals on its face damages in excess of the jurisdictional amount); Essenson v. Coale, 848 F. Supp. 987, 989 (M.D. Fla. 1994) (same).