Jacob HARRISON, Plaintiff,

v.

CROWLEY MARITIME CORPORATION, et al, Defendants.

CIVIL ACTION NO. 3:14–CV–354

United States District Court, S.D. Texas, Galveston Division.

Signed March 3, 2016

Cory D. Itkin, Jason Aron Itkin, Noah M. Wexler, Arnold Itkin LLP, Houston, TX, for Plaintiff.

James T. Brown, Marc Evan Kutner, Legge Farrow Kimmitt McGrath & Brown LLP, Keith Bernard Letourneau, Jay Todd Huffman, Blank Rome LLP, Michael Alan Orlando, Meyer Orlando LLC, Houston, TX, for Defendants.

## ORDER

GEORGE C. HANKS, JR., UNITED STATES DISTRICT JUDGE

For the reasons stated below, and because the Court lacks diversity jurisdiction, the Court finds that it lacks subject matter jurisdiction of this case, and the matter is remanded to state court.

## FACTUAL BACKGROUND

The factual and procedural background is incorporated as stipulated by the parties in Dkts. 72, 73. Relying on the holding in *Ryan v. Hercules Offshore, Inc.,* 945 F.Supp.2d 772 (S.D.Tex.2013), Crowley Maritime Corporation asserts that removal is appropriate under the amended language of 28 U.S.C. § 1441 because this case is a civil case of admiralty or maritime jurisdiction within the Court's original jurisdiction under 28 U.S.C. § 1333 and complete diversity under 28 U.S.C. § 1331. Dkt. 1, ¶¶ 8–9.

## STANDARD

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "[F]ederal courts must address jurisdictional questions whenever they are raised and must consider jurisdiction *sua sponte*

if not raised by the parties." *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 919 (5th Cir.2001). Though a court may not *sua sponte* remand a case for procedural defects, § 1447(c) makes clear that a court must remand a case if it determines that it lacks subject matter jurisdiction. *Coleman v. Alcolac, Inc.,* 888 F.Supp. 1388, 1394 (S.D.Tex.1995).

"The State and Federal Governments jointly exert regulatory powers today as they have played joint roles in the development of maritime law throughout our history." *Romero v. Int'l Terminal Operating Co.,* 358 U.S. 354, 374, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959). Article III of the Constitution provides that federal "judicial power shall extend ... to all cases of admiralty and maritime jurisdiction." U.S. Const. art. III, § 2. Furthermore, district courts have "original jurisdiction, exclusive of the courts of the States, of any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333(1). The Supreme Court has clarified that the "saving to suitors" clause excepts certain claims brought in state court from this exclusive grant of jurisdiction to federal courts. *Madruga v. Superior Court,* 346 U.S. 556, 560–61, 74 S.Ct. 298, 98 L.Ed. 290 (1954).

Traditionally, federal courts have had exclusive jurisdiction only over those actions proceeding *in rem,* or where the vessel itself is the defendant, whereas state courts remain competent to hear maritime cases proceeding *in personam,* where the defendant is a person. *Id.* "Parties in maritime cases are not compelled to proceed in the admiralty at all, as they may resort to their common-law remedy in the State courts, or in [federal court], if the party seeking redress and the other party are citizens of different States." *Romero,* 358 U.S. at 370, 79 S.Ct.

468 (1959) (quoting *Norton v. Switzer,* 93 U.S. 355, 356, 23 L.Ed. 903 (1876)).

Historically, except where diversity existed, admiralty cases brought in state court were not removable to federal court. *Gaitor v. Peninsular & Occidental S.S. Co.,* 287 F.2d 252, 255 (5th Cir.1961). The Supreme Court noted in *Romero* that the "saving to suitors" clause affords the plaintiff the opportunity to seek remedies in the forum of his or her choice. 358 U.S. at 377–78, 79 S.Ct. 468. Accordingly, the Fifth Circuit has noted that admiralty claims "are exempt from removal by the 'saving-to-suitors' clause of the jurisdictional statute governing admiralty claims." *Barker v. Hercules Offshore, Inc.,* 713 F.3d 208, 219 (5th Cir.2013) (citing *Romero,* 358 U.S. at 377–79, 79 S.Ct. 468), *see also Servis v. Hiller Sys. Inc.,* 54 F.3d 203, 206 (4th Cir.1995) ("Section 1333's 'saving to suitors' clause preserves a maritime suitor's election to pursue common-law remedies in state court.").

The Supreme Court has long held that admiralty cases are not brought under the Constitution, treaties or laws of the United States. *Romero,* 358 U.S. at 380, 79 S.Ct. 468. The Fifth Circuit reasoned in *In re Dutile,* pursuant to § 1441(b), that admiralty cases constitute "any other such action," removable only based upon diversity. 935 F.2d 61, 62–63 (5th Cir.1991). Further, the court found that § 1441(b) was an express Act of Congress, limiting the applicability of § 1441(a) to admiralty cases. *Id.* Therefore, the Fifth Circuit law concluded that cases could not be removed to federal court based on admiralty unless diversity served as an additional source of jurisdiction. *Id.*

In *Ryan v. Hercules Offshore, Inc.,* the court considered the effect that the 2011 amendment had on the removability of admiralty claims. 945 F.Supp.2d 772 (S.D.Tex.2013). The court reasoned that

the amendment removed the justification for nonremovability identified in *In re Dutile*. *Id.* Specifically, the court noted that the amendment removed language in § 1441(b) limiting removal without regard to diversity to claims brought under the Constitution, treaties or laws of the United States. *Id.* at 776–77. Therefore, the court found that admiralty claims could be removed to federal court pursuant to 28 U.S.C. § 1441(a). *Id.* at 778.

Numerous courts in this district have reached the same conclusion as the court in *Ryan. See e.g. Exxon Mobil Corp. v. Starr Indem. & Liab. Co.*, CIV.A. H–14–1147, 2014 WL 2739309 (S.D.Tex. June 17, 2014); *Carrigan v. M/V AMC AMBASSADOR*, CIV.A. H–13–03208, 2014 WL 358353 (S.D.Tex. Jan. 31, 2014); *Wells v. Abe's Boat Rentals Inc.*, CIV.A. H–13–1112, 2013 WL 3110322 (S.D.Tex. June 18, 2013). However, many courts, including some in this district, have called into question the reasoning of *Ryan. See Figueroa v. Marine Inspection Services*, 28 F.Supp.3d 677 (S.D.Tex.2014); *Alexander v. Seago Consulting, LLC*, 4:14–CV–1292, 2014 WL 2960419 (S.D.Tex. June 23, 2014); *Butler v. RLB Contracting, Inc.*, 3:14–CV–112, 2014 WL 1653078 (S.D.Tex. Apr. 24, 2014); *Perio v. Titan Mar., LLC*, CIV.A. H–13–1754, 2013 WL 5563711 (S.D.Tex. Oct. 8, 2013), *see also Gregoire v. Enter. Marine Services, LLC*, 38 F.Supp.3d 749 (E.D.La.2014); *Cassidy v. Murray*, 34 F.Supp.3d 579 (D.Md.2014).

Like these courts, this Court found numerous problems with the conclusion of the court in *Ryan. See Ritchy v. Kirby Corp.*, No. CIV.A. 3:14–CV–0272, 2015 WL 4657548, at *4 (S.D.Tex. Aug. 5, 2015).

## ANALYSIS

■ This Court will continue to follow the long established practice in this Circuit that exempts general maritime and admiralty claims from removal absent an independent basis for federal court jurisdiction. Here, Plaintiff elected to bring this action in state court. Defendants removed to federal court based upon the district court's admiralty and maritime jurisdiction and complete diversity. On October 9, 2015, Plaintiff sought leave to amend its complaint for the second time to add Furie Operating Alaska, LLC and Oil States Energy Services. Dkt. 37. Plaintiffs contended that "(1) [t]he new parties [were] necessary to this case. If Plaintiff is not allowed to add these new parties in this case, he will be forced to sue them in a separate proceeding which would waste scarce judicial resources; (2) There [was] no evidence the amendment will cause undue delay, is brought in bad faith, will prejudice Defendants, or is futile; and (3) [t]he motion [was] unopposed. *Id.* The Court granted leave to amend. Dkt. 38. In its answer, Defendant Furie Operating Alaska, LLC stated that its principal place of business is in Texas. Dkt. 49. The addition of Defendant Furie Operating Alaska, LLC destroyed complete diversity in this case.

The Court now finds that complete diversity is lacking, and none of Plaintiff's claims raise a federal question. As such, the Court lacks diversity jurisdiction, the Court finds that it lacks subject matter jurisdiction of this case, and the matter is remanded to state court.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED THAT** this case is **REMANDED** to the County Court at Law Number 3, Galveston County, Texas.

The Clerk shall enter this Order and provide a copy to all parties.

**IT IS SO ORDERED.**