James J. ALLEMAN and Shirley Alleman, Plaintiffs,

v.

BUNGE CORPORATION, et al., Defendants-Appellants,

v.

REPUBLIC INSURANCE CO., et al., Defendants-Appellees.

No. 84–3209
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Dec. 19, 1984.

John E. Galloway, New Orleans, La., for Bunge Corp. & Ins. Co. of North America.

Robert S. Reich, Charles F. Lozes, New Orleans, La., for Republic Ins. Co., et al.

Norman C. Sullivan, Jr., New Orleans, La., for St. Louis Shipbuilding.

Before REAVLEY, POLITZ and HIGGINBOTHAM, Circuit Judges.

REAVLEY, Circuit Judge:

Bunge Corp. and Insurance Co. of North America (hereinafter referred to collectively as Bunge) appeal a summary judgment in favor of eight insurance companies.[1] Bunge attempts to base this appeal on 28 U.S.C. § 1292(a)(3) (1982), which permits appeal of interlocutory decrees in admiralty cases. Because this appeal is not from a maritime action and no other jurisdiction exists, we dismiss the appeal.

James and Shirley Alleman brought suit in Louisiana state court to recover for personal injuries that resulted from James' falling in an open hole on a grain barge while employed by Bunge as a longshoreman. The Allemans brought claims under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901–950 (1982), general maritime law, and Louisiana state law, La.Civ.Code Ann. art. 2315 (West

Supp.1984), against, among others, Bunge and eight other insurance companies with which Bunge had an insurance policy. Bunge removed the action to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332(a) (1982). The federal district court then granted the eight insurance companies summary judgment on grounds that their policy with Bunge excluded coverage of claims by employees.

■ The admiralty jurisdiction of the federal courts, 28 U.S.C. § 1333 (1982), could have been invoked in this case. The Allemans could have filed their complaint with a statement identifying it as a maritime claim, Fed.R.Civ.P. 9(h),[2] in admiralty court. *Bynum v. Patterson Truck Lines, Inc.*, 655 F.2d 643, 644 (5th Cir.1981) (Longshoremen's and Harbor Workers' Compensation Act is a maritime cause of action). Instead, the Allemans exercised their "historic option," *Romero v. International Terminal Operating Co.*, 358 U.S. 354, 371, 79 S.Ct. 468, 480, 3 L.Ed.2d 368 (1959), to bring their action in state court under the savings to suitors clause of 28 U.S.C. § 1333(1) (1982). Numerous and important consequences flow from the Allemans' decision to bring their action in state court. *See T.N.T. Marine Service, Inc. v. Weaver Shipyards & Dry Docks, Inc.*, 702 F.2d 585, 586–87 (5th Cir.), *cert. denied,* —— U.S. ——, 104 S.Ct. 151, 78 L.Ed.2d 141 (1983) (jurisdiction invoked governs venue, interlocutory appeals, remedies available, right to jury trial, and law that applies). By removing this action, Bunge could not alter the Allemans' substantive rights or destroy their right to prosecute their action in a common law court. Bunge could have re-

---

1. The insurance companies are: Continental Insurance Co., Bellefonte Insurance Co., Midland Insurance Co., Northeastern Insurance Co., Penn Lumberman's Mutual Insurance Co., The Lumberman Insurance Co., Ranger Insurance Co., and Republic Insurance Co.

2. A pleading or count setting forth a claim for relief within the admiralty and maritime jurisdiction that is also within the jurisdiction of the district court on some other ground may contain a statement identifying the claim as an admiralty or maritime claim for the pur-

poses of Rules 14(c), 38(e), 82, and the Supplemental Rules for Certain Admiralty and Maritime Claims. If the claim is cognizable only in admiralty, it is an admiralty or maritime claim for those purposes whether so identified or not. The amendment of a pleading to add or withdraw an identifying statement is governed by the principles of Rule 15. The reference in Title 28, U.S.C. § 1292(a)(3), to admiralty cases shall be construed to mean admiralty and maritime claims within the meaning of this subdivision (h).

moved this action only to a federal diversity court. *Cf. Gaitor v. Peninsular & Occidental Steamship Co.*, 287 F.2d 252, 255 (5th Cir.1961) (maritime action brought in state court could be removed only if diversity jurisdiction existed). Therefore, the Allemans' action is not in the federal admiralty court's jurisdiction.

 Because 28 U.S.C. § 1292(a)(3) (1982), may be used only if the federal court's admiralty jurisdiction has been invoked, Fed.R.Civ.P. 9(h), Bunge cannot base jurisdiction for this appeal on that statute. Because no other basis for this appeal exists,[3] it is DISMISSED.

---

**3.** The district court did not certify this summary judgment under Fed.R.Civ.P. 54(b). *See Boudeloche v. Tnemec Co.*, 693 F.2d 546, 547 (5th Cir.1982) (order adjudicating fewer than all claims as to fewer than all parties not appealable as final judgment unless certified pursuant to Rule 54(b)).