Danton LEONARD, Plaintiff,

v.

Ronrick Herbert KERN and Don
Ruttger, Defendants.

No. 86–6723–CIV–GONZALEZ.

United States District Court,
S.D. Florida, N.D.

Dec. 31, 1986.

Steven Y. Leinicke, Wicker, Smith,
Blomqvist, Tutan, O'Hara, McCoy, Graham
& Lane, Fort Lauderdale, Fla., for defend-
ant Don Ruttger.

Robert D. Moses, Wiederhold, Moses &
Bulfin, P.A., Fort Lauderdale, Fla., for de-
fendant Ronrick Herbert Kern.

Mary Friedman, Colson, Hicks & Edison,
P.A., Miami, Fla., for plaintiff Danton
Leonard.

## ORDER DENYING PETITION FOR REMOVAL

GONZALEZ, District Judge.

**THIS CAUSE** has come before the court
upon the petition for removal filed by the
petitioner, Don Ruttger.

### FACTUAL AND PROCEDURAL SETTING

This cause was brought by the plaintiff
in state court as an *in personam* action.
The plaintiff is suing for injuries he alleg-
edly sustained while snorkeling off South
Beach in Fort Lauderdale, Florida. The
plaintiff alleges that he was struck by a
boat owned by the defendant, Don Ruttger
(Ruttger), which was being operated by the
codefendant, Ronrick Kern.

In his petition for removal Ruttger char-
acterizes the plaintiff's suit as a "civil ac-
tion for personal injuries occurring in [the]
prenavigable waters of the Atlantic
Ocean." Defendant's Petition at 1. Addi-
tionally, in his petition, Ruttger states that
his personal injury action "constitutes a
matter of admiralty jurisdiction." *Id.*

Ruttger is the only defendant petitioning
to remove. The petition is silent as to the
status of the remaining defendant, Ronrick
Herbert Kern (Kern), the alleged driver of
the boat.

In his petition for removal, Ruttger
states that the plaintiff and the defendant,
Ruttger, are citizens of Florida. The plain-
tiff's complaint, however, is silent as to the

plaintiff's citizenship and states only that the defendants are "residents of Fort Lauderdale, Florida." Complaint at ¶ 3.

## DISCUSSION

■ Federal district courts sitting in admiralty have exclusive jurisdiction over admiralty claims, except where the common law of the state provides a concurrent remedy, under the "saving to suitors clause." *The Belfast*, 74 U.S. (7 Wall.) 624, 19 L.Ed. 266 (1869). The grant of jurisdiction, created by federal statute, provides that "district courts shall have original jurisdiction, exclusive of the courts of the States, of: (1) Any civil case of admiralty or maritime jurisdiction, *saving to suitors in all cases all other remedies to which they are otherwise entitled.*" 28 U.S.C. § 1333(1) (emphasis added).

The plaintiff brought this action in state court as a civil *in personam* action. Although he did not denominate it as such, this case "commenced in state court as a case arising under the 'saving to suitors clause' of 28 U.S.C. § 1331(1) ...," assuming that this case alleges a maritime tort.[1] *Poirrier v. Nicklos Drilling Co.*, 648 F.2d 1063, 1064 (5th Cir.1981). Alternatively, assuming again that a maritime tort was alleged, the plaintiff could have opted instead to bring his case as an original action in federal district court under the aegis of admiralty jurisdiction. *Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines*, 369 U.S. 355 359, 82 S.Ct. 780, 783, 7 L.Ed.2d 798 (1962); *Alleman v. Bunge Corporation*, 756 F.2d 344, 345 (5th Cir.1984). As brought by the plaintiff, however, this action was commenced in state court as "an ordinary civil action" (an *in personam* action), and was not brought in federal court as a case arising under admiralty jurisdiction. *Atlantic & Gulf Stevedores*, 369

U.S. at 359, 82 S.Ct. at 783. This conclusion is not affected by the attempt of the defendant Ruttger to characterize this action as one proceeding in admiralty. The plaintiff not the defendant has the option of choosing his forum, and the plaintiff may elect to proceed *in personam*, rather than in admiralty. *Alleman*, 756 F.2d at 345 (citations omitted).

■ In order to remove a case brought in state court under the saving to suitor's clause some jurisdictional basis, other than admiralty or general federal question jurisdiction under 28 U.S.C. § 1331, must be demonstrated. One such basis, and the only basis which seems to apply here, is diversity jurisdiction.[2] Thus, to remove a case commenced in state court as an *in personam* action under the saving to suitor's clause, all of the requirements for diversity jurisdiction under 28 U.S.C. § 1331, must be met by the party seeking to remove. *Romero v. International Terminal Operating Co.*, 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959); *Gaitor v. Peninsular & Occidental Steamship Company*, 287 F.2d 252, 255 (5th Cir.1961).

Specifically, as required by 28 U.S.C. § 1332, it must be demonstrated that diversity of citizenship between all plaintiff's and all defendants exists, and that the amount in controversy exceeds $10,000.00, exclusive of interests and costs.

Further, because the Supreme Court in *Romero*, has held that federal question jurisdiction cannot be used as a basis for removing *in personam* maritime claims brought in state court, the action may be removed only "if none of the ... defendants is a citizen of the State in which such action is brought." 28 U.S. § 1441(b). Finally, all defendants except those who are "purely nominal or formal" or who have

---

1. The plaintiff's complaint does not state that his claim is one for recovery for a "maritime tort." Whether the tort is in fact "maritime" is of little significance, however, because the elements of diversity jurisdiction must be met if the defendant seeks to remove the case under the saving to suitors clause or if he seeks to remove the usual *in personam* nonmaritime tort

action which does not constitute a federal question.

2. Other jurisdictional bases may be created by Congress through statutory law. One example, not applicable here, is the Jones Act, 46 U.S.C. § 740. *See* 23 Federal Procedure, Lawyer's Edition § 53:25 (1984).

not been served must join in the petition to remove. *Tri-Cities Newspapers, Inc. v. Tri-Cities P.P. & A. Local 349,* 427 F.2d 325, 327 (5th Cir.1970) (nominal or formal parties not required to join in petition); *P.P. Farmers' Elevator Company v. Farmers Elevator Mutual Insurance Company,* 395 F.2d 546, 547–8 (7th Cir. 1968) (unserved defendants need not join in petition). The requirement, excluding the specific exceptions, that all defendants must join in the petition is applicable to removal of maritime actions from state court. *Means v. G. & C. Towing, Inc.,* 623 F.Supp. 1244 (S.D.West Vir.1986).

 Application of the foregoing principles reveals that defendant Ruttger has failed to meet his burden of establishing diversity jurisdiction. *Gaitor,* 287 F.2d at 253. The complaint seeks damages only in excess of five-thousand ($5,000.00) dollars. Therefore, the requisite jurisdictional amount has not been met. *Id.* at 255. This defect alone is sufficient to deny removal. *Id.*

Moreover, the defendant Ruttger, states in his petition for removal, that he is a citizen of Florida, therefore, even assuming that there exists diversity of citizenship between the parties, the defendant Ruttger is prohibited from removing this action to federal court by 28 U.S.C. § 1441(b). Finally, as noted above, the only defendant who seeks to remove this case from state court is the defendant Ruttger. The petition for removal is devoid of reference to the remaining defendant Kern. There is no allegation that the omitted defendant is only a formal or nominal party. *Tri-Cities Newspapers,* 427 F.2d at 327. The facts as alleged by the plaintiff in his complaint do not support the conclusion that the defendant Kern is only a nominal party to this action. Kern was, in fact, the driver of the boat which allegedly struck the plaintiff. The petition for removal does not reflect that the defendant Kern is an unserved defendant. The burden of pleading sufficient facts to satisfy removal requirements rests with the defendant seeking to remove. *Gaitor,* 287 F.2d at 253. There-

fore, the petition may be denied on this ground as well.

For the reasons cited above it is hereby

**ORDERED AND ADJUDGED** that the petition for removal filed by the defendant, Don Ruttger, be and the same, is **DENIED.** This action is hereby remanded to state court and the clerk of court is directed to indicate that this case is closed. The defendant, Don Ruttger, shall pay all costs and disbursements incurred by reason of these removal proceedings. *See* 28 U.S.C. § 1446(d) and § 1447(c).