Joe and Viola **BENJAMIN**, Individually and as Representatives of the Estate of Otis Ray Benjamin, Plaintiffs,

v.

**NATURAL GAS PIPELINE COMPANY OF AMERICA and Brown & Root, Inc., Defendants.**

Civ. A. No. G–92–118.

United States District Court,
S.D. Texas,
Galveston Division.

June 30, 1992.

---

Zandra Anderson, O'Quinn Kerensky & McAninoh, Houston, Tex., for Joe and Viola Benjamin, individually and as representatives of the estate of Otis Ray Benjamin.

Dennis M. Dylewski, John L. Verner, Walter Perry Zivley, Jr., Calvin, Dylewski, Gibbs, Maddox & Verner, P.C., Houston, Tex., S. Gene Fendler, Liskow & Lewis, New Orleans, La., for Natural Gas Pipeline.

Robert Ellison Meadows, Houston, J. James Cooper, Sewell & Riggs, Houston, Tex., for Brown & Root, Inc.

## ORDER

KENT, District Judge.

On this date came on to be heard Plaintiffs' Motion for Remand (Instrument # 6), Defendant Brown & Root's Opposition (Instrument # 13), and Plaintiffs' Response (Instrument # 14). Plaintiffs are the parents of Otis Ray Benjamin, who was killed when the vessel in which he was a passenger struck a natural gas pipeline and exploded in Texas waters. Plaintiffs filed this case in state court seeking recovery under the general maritime law, the Jones Act, and the Texas Wrongful Death and Survival Statutes.[1] Brown & Root removed the case to this Court pursuant to 28 U.S.C. § 1441, claiming that this Court has subject matter jurisdiction under 28 U.S.C. § 1331 due to the application of the Admiralty Extension Act, 46 U.S.C.App. § 740.

■ The Plaintiffs claim that remand is proper because their state court case was brought under the saving to suitors clause found in 28 U.S.C. § 1333(1) which provides: "The district courts shall have original jurisdiction, exclusive of the courts of the States, of: (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." In holding that the saving to suitors clause prevents cases brought in state court under the general maritime law from being removed to federal court, the Supreme Court has stated that .

the historic option of a maritime suitor pursuing a common-law remedy to select his forum, state or federal, would be taken away by an expanded view of § 1331, since saving-clause actions would then be freely removable under § 1441 of Title 28.... By making maritime cases removable to the federal courts it would make considerable inroads into the traditionally exercised concurrent jurisdiction of the state courts in admiralty mat-

---

1. On the same day they filed their Motion for Remand, the Plaintiffs, voluntarily and without leave of Court, filed a First Amended Petition which dropped the Jones Act claim. While this First Amended Petition has no bearing on the Court's instant decision, the Court is in agreement that the Plaintiffs have no Jones Act cause of action because they are not seeking to recover from the deceased's employer.

ters—a jurisdiction which it was the unquestioned aim of the saving clause of 1789 to preserve.

*Romero v. International Term. Co.*, 358 U.S. 354, 371–72, 79 S.Ct. 468, 479–80, 3 L.Ed.2d 368 (1959). The Fifth Circuit has consistently applied the general rule that, when a plaintiff exercises the option to bring an action in state court under the saving to suitors clause, rather than under the admiralty jurisdiction of the federal courts, defendants cannot remove the case by asserting federal question jurisdiction under 28 U.S.C. § 1331. *Alleman v. Bunge Corp.*, 756 F.2d 344, 345–46 (5th Cir.1985); *Poirrier v. Nicklos Drilling Co.*, 648 F.2d 1063, 1065–66 (5th Cir.1981). The only basis for removal of such cases is when subject matter jurisdiction is founded on diversity of citizenship pursuant to 28 U.S.C. § 1332. *Alleman*, 756 F.2d at 345–46; *Poirrier*, 648 F.2d at 1065–66. The Removal Petition filed by Brown & Root relies solely on federal question jurisdiction, and does not address diversity of citizenship.

■ Although Brown & Root acknowledges the general rule that defendants cannot remove cases based on maritime or admiralty law because such cases do not arise under the laws of the United States, it contends that it properly removed this case under an independent statutory grant of jurisdiction. Brown & Root argues that the Admiralty Extension Act ("the Act") applies to the facts of this case, thereby vesting the Court with federal question jurisdiction under 28 U.S.C. § 1331, and removal jurisdiction under 28 U.S.C. § 1441(b). The Act provides, in part:

The admiralty and maritime jurisdiction of the United States shall extend to and include all cases of damage or injury, to person or property, caused by a vessel on navigable water, notwithstanding that such damage or injury be done or consummated on land. In any such case suit may be brought in rem or in person-

am according to the principles of law and the rules of practice obtaining in cases where the injury or damage has been done and consummated on navigable water.

46 U.S.C.App. § 740. While the Court certainly appreciates Brown & Root's novel arguments, there are a number of reasons why those arguments must fail.

First of all, it is not even clear that the Act applies to the instant facts. Here, the death occurred on navigable waters. While the pipeline that exploded was very likely land-based somewhere, it is clear that the alleged tort and ensuing death occurred offshore, entirely within navigable waters. The Act extends admiralty and maritime jurisdiction to situations involving injuries suffered on land which were caused by a vessel on navigable waters. The types of cases covered by the Act include situations where land-based damage or injury results from a vessel striking a bridge or pier, or from a vessel running aground, or as a result of a failure of the vessel's equipment during loading jobs. Benedict on Admiralty § 173 (6th ed. 1992). Brown & Root's assertion that the Act applies to the facts of this case is entirely conclusory, and wholly devoid of any legal support. It would be an unreasonable stretch to apply the Act to the facts of the instant case.

■ Even if the Court were to conclude that the facts of this case are covered by the Act, remand would still be appropriate. Other than providing the Court with some well-intentioned analogies, Brown & Root has failed to cite any binding support for its contention that removal is permitted in cases involving the Admiralty Extension Act.[2]

Finally, the Act itself clearly states that suits for land-based damage or injury caused by a vessel are controlled by the same jurisdictional standards as traditional maritime cases where the damage or injury occurs on navigable waters. "In any such

---

**2.** The two district court cases cited by Brown & Root do conclude that the Act constitutes an independent jurisdictional basis, thus allowing for removal. *Leonard v. Kern*, 651 F.Supp. 263, 264 n. 2 (S.D.Fla.1986); *Atlantic Richfield Co. v.*

*LeBoeuf*, No. 86–983, slip op. at 1 (E.D.La. June 5, 1987). However, neither case explains the reasoning behind such a conclusion, and this Court does not agree with the conclusion.

case suit may be brought in rem or in personam *according to the principles of law and the rules of practice obtaining in cases where the injury or damage has been done and consummated on navigable water.*" 46 U.S.C.App. § 740 (emphasis added). Nowhere in the Act is it implied that the traditional jurisdictional rules pertaining to maritime cases should be altered when the injury occurs on land. Instead, the converse is true. The Act simply extends admiralty and maritime jurisdiction to cases where an injury is land-based, and provides that "the principles of law and the rules of practice" shall be the same for land-based injuries as they are for injuries occurring on navigable waters. One of these "rules of practice" is the option given to plaintiffs who assert claims under the general maritime law to file suit either in state court or in admiralty in federal court. Because the Plaintiffs in this case chose to file their claims in state court, and Brown & Root did not allege diversity of citizenship as grounds for removal, remand is appropriate.

Brown & Root's alternate argument in opposition to the Plaintiffs' Motion for Remand concerns waiver of the right to remand. It is clear that plaintiffs can waive their right to remand when the removal is only procedurally defective, but when the district court lacks subject matter jurisdiction, the case *must* be remanded.[3] *Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1543–44 (5th Cir.1991). Rather than entering into a detailed analysis, the Court simply relies on the discussion in the *Baris* case wherein it is held that when a case is filed in state court under the saving to suitors clause, and that case is subsequently removed, the right to remand *can* be waived. This is so because the action could have originally been filed in federal court. *Id.* at 1544–45. Therefore, the defect in removal "does not go to the question of whether the case originally could have been brought in federal district court", and as a mere procedural defect, is capable of being waived. *Id.* at 1543–44.

■ Although Brown & Root's decision to remove this case was merely procedurally defective, thereby making it possible for the Plaintiffs to waive their right to remand, the Court does not find that they waived that right. The Plaintiffs complied with 28 U.S.C. § 1447(c) by filing their Motion to Remand within thirty days of the date the Notice of Removal was filed. Brown & Root contends that, despite the timely Motion for Remand, the Plaintiffs waived their right to remand by filing a jury demand and an amended complaint designated as a "Complaint in Admiralty" in this Court.

The Court has reviewed and considered all arguments and cases in support of Brown & Root's contention that the Plaintiffs' conduct in this Court after removal constitutes a waiver of their right to remand this case. Rather than embarking on an in-depth analysis of these arguments and cases, the Court simply makes the following observations.

With regard to Brown & Root's contention that the Plaintiffs' waived their right to remand by filing a jury demand after removal, the Court agrees with the Plaintiffs' analysis of Rule 81(c) of the Federal Rules of Civil Procedure and the requirements found in 28 U.S.C. § 1447(c). Rule 81(c) requires that a party file a jury demand within 10 days of removal, while § 1447(c) gives plaintiffs 30 days to file a remand motion. Obviously, the two deadlines create the situation where jury demands will often be filed before remand motions. In light of this timing conflict, it would be ludicrous to conclude that the filing of a jury demand before a remand motion constitutes acquiescence to the federal forum and a waiver of the right to remand an improperly removed case.

Brown & Root also relies on the fact that the Plaintiffs filed an Amended Complaint on the same day as they filed their Motion for Remand. The cases cited by Brown & Root stand for the proposition that, when a plaintiff participates in the federal action, he risks waiving his right to remand. *See,*

**3.** 28 U.S.C. § 1447(c) states: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

*e.g., Johnson v. Odeco Oil and Gas Co.,* 864 F.2d 40, 42 (5th Cir.1989). Where a plaintiff does participate in the federal proceeding, "it is within the district court's discretion to determine whether the plaintiff's conduct amounts to a waiver of the right to remand." *Id.* In the cases where courts have found a waiver, the plaintiff generally took *considerable* affirmative action in proceeding with the dispute in federal court. For example, plaintiffs have been found to have waived their right to remand by attending depositions, participating in substantial discovery, and failing to move for remand until after significant progress has been made in the federal action. In the cases cited by Brown & Root, the courts have relied on *repeated* acts of acquiescence to federal jurisdiction, and/or the plaintiff's decision to delay filing a remand motion. Here, the Plaintiffs filed a timely remand motion *on the same day* as they filed their amended complaint. Other than filing the jury demand and the amended complaint, the Plaintiffs have done nothing in this Court but contest the removal of this case.[4] The Plaintiffs' conduct, viewed in its totality, clearly shows that they have not resigned themselves to litigating this case in federal court.

Finally, Brown & Root contends that including the words "Complaint in Admiralty" on the amended complaint constitutes waiver. The Court sees this as nothing more than a hypertechnical argument, intended solely as a last-ditch effort to defeat remand. The most curious aspect of this argument is that *Brown & Root* was the first party to include "Complaint in Admiralty" in the style of this case when it did so on its Notice of Removal. Since then, almost every document filed in this case (by both Plaintiffs and Defendants) has contained the words "Complaint in Admiralty" in the style of the case. It is clear that the Plaintiffs had no desire or intention to consent to the removal of this action by following the trend set by Brown & Root.

The waiver concept is not as rigid as Brown & Root suggests. The district court has discretion to determine whether the Plaintiffs' conduct, viewed in its entirety, constitutes waiver. Case law on the matter in no way suggests that a single act by the plaintiff amounts to a waiver of the right to remand. Instead, waiver is found when a plaintiff takes part in the federal proceedings, and voluntarily engages in conduct that moves the case towards resolution in the federal forum.

In the present case, the Plaintiffs filed a timely Motion for Remand. They have hotly contested the removal of this case from the outset. In fact, the *only* issue that has arisen in this case involves the propriety of the removal. The parties have filed three briefs on the issue, and have sought extensions of the submission date of the Plaintiffs' Motion to Remand so that they could file "extensive" briefs. To say that the Plaintiffs have resigned themselves to litigating their claims in federal court would be to blatantly ignore what has occurred in this Court since Brown & Root removed this case. To say that the Plaintiffs' conduct in this Court amounts to a waiver of their right to remand would be an absolute farce.

For the foregoing reasons, the Plaintiffs' Motion for Remand is HEREBY GRANTED. This case is HEREBY REMANDED to the 149th Judicial District Court of Brazoria County, Texas.

IT IS SO ORDERED.

---

**4.** It should also be pointed out that the amended complaint does not change the substance of the Plaintiffs' claims, nor does it add or delete any parties. The only change is the deletion of the Jones Act claim referred to above.