688 So.2d 86 (1997)
Feliciano LEJANO and Melinda Lejano
v.
K.S. BANDAK, et al.
No. 95-C-1011.
Court of Appeal of Louisiana, Fifth Circuit.
January 15, 1997.
Writ Granted April 4, 1997.
*87 Richard J. Dodson, David C. Vidrine, Dodson & Vidrine, Baton Rouge and John J. Molaison, Jr., W.J. LeBlanc, Jr., Molaison & LeBlanc Gretna and Arthur D. Dupre, Daigle, Sullivan, Dupre & Aldous, APLC, Metairie, for Plaintiffs, Applicants/Feliciano Lejano and Melinda Lejano.
David B. Lawton, Kevin J. Lavie, Terriberry, Carroll & Yancey, New Orleans, for Defendants/Respondents, K.S. Bandak, et al.
Before BOWES, GRISBAUM, and WICKER, JJ.
BOWES, Judge.
Plaintiff was injured while in international waters off the coast of Florida. He filed suit in Louisiana seeking recovery under the Jones Act, General Maritime Law, and Federal Maritime Law. Quasi-in-rem jurisdiction was obtained by the execution of a non-resident writ of attachment on the vessel while it was docked within the jurisdiction of the district of the 24th Judicial District Court.
Defendants filed exceptions of no cause of action, no right of action and forum non conveniens. On August 3, 1994, the trial court granted all of the peremptory exceptions and dismissed plaintiff's suit, stating:
IT IS ORDERED, ADJUDGED AND DECREED THAT the Declinatory Exceptions filed herein by the defendants, KS Bandek and KS Bandek II, be and the same are hereby overruled; further,
IT IS ORDERED, ADJUDGED AND DECREED that the Peremptory Exceptions of No Cause of Action and No Right of Action filed herein by the defendants, KS Bandek and KS Bandek II, be and the same are hereby maintained and the plaintiffs' demands against the defendants are hereby dismissed with prejudice; further
IT IS ORDERED, ADJUDGED AND DECREED that the doctrine of forum non conveniens is applicable to this case and the plaintiffs' suit is dismissed on this basis.
Plaintiffs appealed to this Court, which reversed the decision of the trial court and remanded the case for further proceedings. This Court found that plaintiff had stated a cause of action, that plaintiff was afforded a right of action, and that the doctrine of forum non conveniens did not apply in this Jones Act case.
Defendants filed a motion for partial summary judgment requesting that Norwegian law be held applicable. Plaintiff argued against summary judgment and argued that Philippine law should be applied.
The trial court ruled as follows:
IT IS ORDERED, ADJUDGED AND DECREED that United States Law is not *88 applicable to this case. This case is governed by Norwegian or Philippine Law; further
IT IS ORDERED, ADJUDGED AND DECREED that the forum selection provisions contained in the applicable employment and contractual arrangements are valid and the plaintiffs should file their case in the appropriate forum, Norway or the Philippines, and supply this Court with satisfactory proof that such claim has been filed. If the plaintiff can show that the defendants are attempting to frustrate their efforts to pursue this claim in a foreign forum, this Court will proceed to adjudicate this claim applying Philippine or Norwegian law.
Plaintiffs filed a motion for new trial, which was denied by the trial court. Plaintiffs then filed for writ of review with this Court, which was also denied. Plaintiffs sought writ of review with the Louisiana Supreme Court, which granted plaintiffs' writ and remanded the matter to this Court for briefing argument and opinion.
We have now complied with the directions of the Supreme Court, and on remand have thoroughly examined the issue again. Accordingly, we now affirm the decision of the trial court for the following reasons.

THE DOCTRINE OF LAW OF THE CASE IS NOT APPLICABLE
Plaintiffs first argue that the trial court and this court erred in failing to apply the doctrine of the "Law of the Case." It is plaintiffs' contention that this Court, in its prior judgment, ruled on the issue of the validity of the forum selection clause, and found that the clause was not enforceable. Having so ruled, the trial court, and this Court on application for writs, are precluded from again ruling on whether the forum selection clause was enforceable.
After consideration of the argument advanced by the plaintiff, we hold that in this case, the doctrine of the "Law of the Case" does not bar the trial court or this Court from considering whether the forum selection clause was enforceable.
The "law of the case" principle embodies the rule that an appellate court will not reconsider its own rulings of law in the same case. However, the doctrine is discretionary and is not applicable in cases of palpable error or when, if the law of the case were applied, manifest injustice would occur. Vincent v. Ray Brandt Dodge, 94-291 (La. App. 5 Cir. 3/1/95), 652 So.2d 84, writ denied, 95-1247 (La. 6/30/95), 657 So.2d 1034.
A review of the pleadings filed by defendant reflect that defendants filed peremptory exceptions of no cause of action, no right of action and forum non conveniens. In memorandum to the trial court, defendants argued the issue of applicable law, and the forum selection clauses, in support of their allegations that plaintiffs failed to state a cause of action and/or a right of action, and/or that the matter should be dismissed on forum non conveniens. The merits of the substantive legal issue of the enforceability of the contractually created forum selection requirement was not before the court and was not litigated in the hearing on procedural exceptions; the trial court did not rule on this issue in its original judgment, which dismissed plaintiff's suit, (see supra).
As observed previously, the plaintiff appealed that decision, which dismissed his suit on exceptions, to this Court. This Court reversed the ruling of the trial court, our holding finding that plaintiffs' petition stated both a cause and right of action under the Jones Act and under federal maritime law, and also finding that the exception of forum non conveniens could not be urged in a Jones Act case. This Court did not rule on the issue of whether the forum selection clause contained in the employment contract signed by plaintiff was enforceable. The case was then remanded to the trial court for further proceedings.
Thereafter, both sides filed motions for summary judgment. Plaintiffs alleged that Philippine law was applicable to this matter while defendants sought the application of Norwegian law. Thus, it seems that both sides concede that the laws of the United States, and more specifically the Jones Act and the general federal maritime law, are not applicable to the case at bar. It was at this *89 juncture that the trial court first considered the issue of enforceability of the forum selection clause found in the employment contract.
After reviewing this matter, we find that this issue, i.e., the enforceability of the forum selection clause, was never squarely before the trial court nor was it before this Court in the prior proceedings, which raised exceptions of no cause and/or right of action and of forum non conveniens. The issue was first presented to the trial court by the filing of the motions for summary judgment (the rulings of which are at issue in this writ application). Therefore, we cannot say that the trial court, and this Court, without any discussion whatsoever, have already reviewed and determined the issue of whether the forum selections clauses are valid and enforceable. We, therefore, find that the doctrine of the "Law of the Case" does not bar consideration of the issues presented to us in this application for review.

STANDARD OF REVIEW
Both sides have filed motions for summary judgment seeking a determination of the applicability of the forum selection clauses contained in plaintiff's employment contract.
A motion for summary judgment is proper when the pleadings, depositions, answers and omissions on file, together with the affidavits submitted, show that there is no genuine issue of material fact, so that mover is entitled to judgment as a matter of law. La. C.C.P. art. 966; Bijou v. Alton Ochsner Medical Foundation, 95-3074 (La.9/15/96), 679 So.2d 893.
Likewise, summary judgment is appropriate when all the relevant facts are presented before the court, these facts are undisputed, and the only issue is the ultimate conclusion to be drawn from those facts. Smith v. Our Lady of the Lake Hosp., 93-2512 (La.1994), 639 So.2d 730.
When reasonable minds must inevitably conclude that mover is entitled to summary judgment as a matter of law on the facts before the court, summary judgment is warranted. Bijou, supra.
Any decision as to the propriety of a grant of the motion must be made with reference to the substantive law applicable to the case. Only in the context of the applicable substantive law can issues of material fact be ascertained. Sun Belt Constructors v. T & R Dragline, 527 So.2d 350 (La.App. 5 Cir.1988).

FORUM SELECTION CLAUSE
Plaintiffs first argue that a forum selection clause is merely a procedural device and is governed by the same rules as forum non conveniens. They argue that because forum non conveniens is not a defense in a Jones Act case or admiralty case, a forum selection clause is automatically unenforceable. We disagree. While both the doctrine of forum non conveniens and a forum selection clause contained in a contract can determine the appropriate venue in a case, each originates in a different manner and for a different purpose. Plaintiffs' statement that the procedural rules applicable to forum non conveniens are equally applicable to the issue of the enforceability of a contract provision which decides the appropriate forum, is a very broad statement and we hold that it is incorrect.
The plaintiffs initially filed this suit alleging a cause of action in federal maritime law and under the Jones Act. The issue presented by this writ is the enforceability of a clause in the plaintiff's employment contract. A contract for hire of a ship or of the officers and sailors to man her is within admiralty jurisdiction. Kossick v. United Fruit Co., 365 U.S. 731, 81 S.Ct. 886, 6 L.Ed.2d 56 (1961). Thus, this Court is governed by the federal substantive admiralty or maritime law. Powell v. McDermott Intern., Inc., 588 So.2d 84 (La.1991). Under federal admiralty law, a forum selection clause is prima facie valid, and will be enforced unless is it shown by the resisting party to be "unreasonable" under the circumstances. M/S Bremen v. Zapata, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). The M/S Bremen court further noted that it should be incumbent on the party seeking to escape his contract to show that the trial in the contractual forum will be so gravely difficult and inconvenient that he will be deprived of his day in court.
*90 In addition, the United States Supreme Court has noted that a heavy burden of proof falls on the party seeking to challenge a forum selection clause in a maritime case to prove that enforcement of the selection clause would be unreasonable or that the clause violated fundamental fairness due to fraud or overreaching. Carnival Cruise Lines, Inc., v. Shute, 499 U.S. 585, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991).
Finally, we note that jurisprudence from our state courts support a presumption of validity to a forum selection clause. This Court has held that forum selection clauses are legal and binding. A plaintiff trying to set aside such a clause has a heavy burden. Digital Enterprises, Inc. v. Arch Telecom., Inc., 95-30 (La.App. 5 Cir. 6/28/95), 658 So.2d 20.
In Calzavara v. Biehl & Co., 181 So.2d 809, 810 (La.App. 4 Cir.1966), the court noted that the forum selection provision will be enforced unless it is unreasonable, and the test of reasonableness principally is concerned with the nationalities of the parties involved and the accessibility to them of the court given exclusive jurisdiction by the provision.
In the case before us, the application of the forum selection clause does not appear to be unreasonable. Our brethren in the Fourth Circuit have already decided that a contract of employment, identical to the one at issue, executed between a Philippine seaman and a Liberian ship, is not a contract of adhesion. Barcelona v. Sea Victory Maritime, Inc., 619 So.2d 741 (La.App. 4 Cir. 1993), writ denied, 626 So.2d 1179 (La.1993). That case involved multiple claims, including claims under the Jones Act and general maritime law for the wrongful death of a Filipino seaman. In ruling that the forum selection clause was enforceable, and that the employment contract was not a contract of adhesion, the court said:
The employment contracts are one-page documents with the forum selection provision appearing plainly above each plaintiff's signature. A party's signature on a contract establishes a presumption he saw and understood the terms of the contract. Lazybug Shops, Inc. v. American District Telegraph, 374 So.2d 183 (La.App. 4 Cir. 1979). The plaintiffs offered no evidence to rebut the presumption [that] they had knowledge of the clause. Moreover, plaintiffs were seamen of several years' experience and we can reasonably conclude [that] they were well aware of maritime practice.
As for the rejection argument, the plaintiffs could have avoided the clause by simply rejecting the employment as seaman aboard the vessel. Again from the record, it is apparent that such positions are well paid and sought after. The plaintiffs received the benefits from their employment as seamen and we do not believe holding them to this forum selection clause, which is required by the Philippine government, not the defendant, is an unreasonable condition of employment.
At pp. 745-46. [Emphasis supplied].
In this case it is true that the forum selection clause is required by both the Philippine government and the Norwegian employer. However, it is equally true that the clause was mandated only after negotiations between the Philippine Seamen's union and the Norwegian government, and these negotiations were a part of the collective bargaining agreement entered into by the seaman's union. Furthermore, the clause was on the same page and above the seaman's signature, and is presumed to have been seen by him.
Plaintiff also urges that the enforcement of the forum selection provision would be unconscionable, as neither the Norwegian forum nor the Philippine forum provide an adequate remedy for the plaintiff. However, the affidavits of both Filipino and Norwegian attorneys specializing in admiralty law reflect that either jurisdiction would provide appropriate remedies for this plaintiff. Ordinarily, our discussion of this issue would include the issue of choice of law, that is, what substantive law would govern this case. However, in this case, both plaintiff and defendant have admitted that the appropriate choice of law is not law of the United States law, but the law of either the Phillippines or Norway. We do not believe that applying the substantive law of the appropriate forum, in either of *91 these forums, would deprive the plaintiff of his appropriate legal remedies.
We further note that the clause requiring plaintiff to assert his claim in his home jurisdiction is not unreasonable. The accident occurred in international waters off the coast of Florida, the plaintiff; a Filipino, was taken to a hospital in Miami and then to the Phillippines; and the accident occurred on a Norwegian vessel. Jurisdiction was obtained in the United States, and more specifically, in Louisiana, by a writ of attachment when the ship was temporarily docked here for a mission or reason that was completely unconnected with plaintiff's claim. There is absolutely no connexity between Louisiana and the facts of this case or the claim made therein, and as far as we can tell, none of the witnesses are located in Louisiana. Thus, it appears that Louisiana has absolutely no interest in this case at all.
Finally, we are in accord with the decision of the learned trial judge, who relied on the case of Prado v. Sloman Neptun Schiffahrts, A.G., 611 So.2d 691 (La.App. 4 Cir.1992), writ not considered, 613 So.2d 986 (La.1993), in rendering a conditional grant of summary judgment in this case. The Prado case involved an almost identical factual scenario. In Prado, the court ruled that it would retain jurisdiction of the case for a limited time, and should defendant attempt to thwart plaintiff's attempt to bring the claim in the Phillippines, it would exercise that jurisdiction and decide the case utilizing Philippine law. The trial judge here took similar action.
As in Prado, it appears from the record before us that the plaintiff's cause of action may be subject to pleas of prescription if now brought in the appropriate forum. For that reason, we agree with the trial judge's decision, which amounts to a stay of the present proceedings, rather than an outright dismissal of the case, so that Mr. Lejano may bring his claim in either the Phillippines or in Norway. As the court in Prado noted:
In spite of the fact that Louisiana has no material interest in this cause of action, we are compelled to make some suitable disposition of the case which we will accomplish by resorting to Prado's employment contract rather than forum non conveniens. In making that disposition we are guided by the time honored and oft expressed principle that:
Seamen, as wards of the court, are entitled to a careful review when a district court refuses to exercise jurisdiction over their claims. We are convinced that federal courts must remain vigilant in protecting the rights of seaman, whether foreign or domestic, in their relations with their employer.

Castillo v. Spiliada Maritime Corp., 937 F.2d 240 (5 Cir.1991).
We are equally committed to the proposition that this Court should be no less zealous in protecting the rights of seaman. In accordance with this principle we are determined that Prado's ability to recover will not be prejudiced just because he first made a good faith, well argued, diligent, non-frivolous, though unsuccessful attempt to pursue a remedy in Louisiana.
For the foregoing reasons, we order that the judgment below be vacated and that this matter be remanded to the trial court for further proceedings consistent with this opinion. We further order that these proceedings be stayed for six-months from the date of this judgment during which time Prado shall furnish the trial court with satisfactory proof that he has filed his claim in a forum in the Philippines.
It is further ordered that if Prado fails to produce satisfactory proof to the trial court of the filing of his claim in the Philippines within the said six months then the trial court may dismiss this claim with prejudice for failure to comply with the "forum selection" provisions of his employment contract.
It is further ordered that in the event Prado should produce satisfactory proof to the trial court that Asiento has attempted to frustrate his efforts to pursue this claim in a Philippine forum by raising objections based upon the filing of this claim by Prado first in the United States, including but not limited to objections of jurisdiction, prescription, laches or estoppel, then the trial court may proceed to adjudicate this claim in a manner consistent with this opinion and the law of the Philippines.
*92 At pp. 703-04.

CONCLUSION
For the above discussed reasons, we again find no error in the decision of the trial court, and again deny plaintiff's application for writs.
WRITS REFUSED; THE APPLICATION DENIED.